# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CIVIL CASE NO.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | **DEMAND FOR JURY TRIAL** |
| ) | Injunctive Relief Sought |
| BRISAS DEL MAR LTD PARTNERSHIP, ) BRISAS DEL MAR LLC, ) GATEHOUSE MANAGEMENT INC., ) and ) LIDICET HERNANDEZ ) ) ) | |
| Defendants. ) ) | |

## COMPLAINT

The United States of America ("United States") alleges as follows:

### I.

### NATURE OF THE ACTION

1. This action is brought by the United States of America to enforce the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. It is brought under 42 U.S.C. § 3612(o) on behalf of Arman Mehrani, hereinafter referred to as "the Complainant," following an investigation and charge of discrimination by the Department of Housing and Urban Development ("HUD") and Defendants' election to proceed in federal district court.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612 (o).

3. Venue is proper under 28 U.S.C. § 1391(b), because (1) the claims alleged herein arose in the Southern District of Florida; and (2) the property that is the subject of this complaint is located in the Southern District of Florida.

## III.

## THE PARTIES AND THE SUBJECT PROPERTY

4. Plaintiff is the United States of America.

5. Defendant Brisas del Mar LTD Partnership is a domestic limited partnership organized under the laws of the State of Florida.

6. Defendant Brisas del Mar LTD Partnership owns the subject property Brisas del Mar, located at 556 West Flagler Street, Miami-Dade County, Florida.

7. Defendant Brisas del Mar, LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts and registered in the State of Florida. At all times relevant to the complaint, Defendant Brisas del Mar, LLC served as the general partner of Brisas del Mar LTD Partnership.

8. Defendant Gatehouse Management, Inc. is a for-profit corporation organized under the laws of the Commonwealth of Massachusetts and registered in the State of Florida. At all times relevant to the complaint, Defendant Gatehouse Management, Inc. served as the property manager for Brisas del Mar.

9. Defendant Lidicet Hernandez is a resident of Florida and an employee of Defendant Gatehouse Management, Inc. At all times relevant to the complaint, Defendant Hernandez was employed as a leasing agent at Brisas del Mar. Defendant Hernandez participated in the day-to-day operations of Brisas del Mar, including but not limited to, engaging with prospective residents seeking housing, monitoring and managing housing availability and waiting lists, screening prospective residents for minimum income eligibility requirements, approving and denying rental applications, and processing lease renewals.

10. Defendant Hernandez was acting within the course and scope of her employment with respect to her actions described herein.

11. Brisas del Mar is a "dwelling" within the meaning of the FHA, 42 U.S.C. § 3602(b).

### IV.

### **FACTUAL ALLEGATIONS**

12. Brisas del Mar is an apartment building, consisting of 160 units (128 one-bedroom units and 32 two-bedroom units), located at 556 West Flagler Street, Miami, Florida. Brisas del Mar offers affordable housing to low- and moderate-income individuals ages fifty-five (55) and older under the federal Low-Income Housing Tax Credit Program.

13. Prospective residents must meet a minimum income requirement to rent a unit at Brisas del Mar. At all relevant times, the minimum income requirement to rent a one-bedroom unit at Brisas del Mar was $14,910 a year.

14. Defendants advertise the availability of rental units primarily through their website and provide availability information to walk-ins or to potential applicants calling by phone.

15. Prospective renters must apply for a rental unit in person. All applicants must meet the minimum income requirement or must be granted a waiver. Qualified applicants are placed on a waiting list until a unit that meets their qualifying income range becomes available to rent.

16. At all times relevant to the complaint, all tenants residing at Brisas del Mar were of Hispanic national origin, and all prospective tenants on the waiting list were of Hispanic national origin.

17. Complainant Arman Mehrani is a male of Iranian national origin. At all times relevant to the complaint, Mr. Mehrani was over 55 years of age, met the minimum income requirement of at least $14,910, and was qualified to rent a one-bedroom apartment at Brisas del Mar.

18. In early 2019, Mr. Mehrani went to Brisas del Mar to obtain general information about renting a one-bedroom unit. While there, Mr. Mehrani met with Norka Isamberth, the onsite property manager, who provided him with a property brochure and a written notice advising of Brisas del Mar's rental fees and income qualification guidelines. In addition, Ms. Isamberth advised Mr. Mehrani that Defendant Hernandez would assist him further with submitting a rental application.

19. Thereafter, on or about July 16, 2019, Mr. Mehrani visited Brisas del Mar to submit a rental application. He encountered Defendant Hernandez in the building's leasing office and stated that he was there to apply for a rental unit.

20. Defendant Hernandez told Mr. Mehrani that it was not the correct "protocol" for him to apply as a "walk-in," took his name and gave him a phone appointment for the next day at a designated time to schedule an in-person appointment.

21. A review of the HUD file revealed instances where Hispanic "walk-in" applicants were provided an in-person appointment to apply for a rental unit, without being asked to call back later to schedule the appointment.

22. On or about July 17, 2019, Mr. Mehrani called Defendant Hernandez at the time she requested, but there was no answer. Mr. Mehrani continued to call Defendant Hernandez several times that day, but she did not answer.

23. On or about July 18, 2019, Mr. Mehrani finally reached Defendant Hernandez after he called her from a different telephone number (his Google phone number).

24. During that phone conversation, Mr. Mehrani told Defendant Hernandez that he was 57 years old, low-income, and interested in applying for a rental unit. Defendant Hernandez told Mr. Mehrani that there were no available rental units and that Brisas del Mar had a waiting list. Despite hearing this information, Mr. Mehrani asked Defendant Hernandez to schedule an appointment.

25. Defendant Hernandez continued to resist scheduling Mr. Mehrani for an appointment, and she became agitated when Mr. Mehrani accused her of treating him unfairly.

26. Mr. Mehrani persisted in his request for an appointment, and finally Defendant Hernandez scheduled him for an appointment on July 25, 2019.

27. Mr. Mehrani believed that Defendant Hernandez was not willing to rent to him because of his national origin, based upon her tone of voice and remarks during their telephone conversation on July 18, 2019, and her refusal to schedule him for an in-person appointment during his earlier visit to the property on July 16, 2019. Therefore, Mr. Mehrani did not attend the appointment on July 25, 2019.

28. On October 15, 2019, as part of the administrative process described in Section V below, counsel for the defendants sent HUD a letter stating that Mr. Mehrani made $9,252 per year and did not meet the minimum income requirements.

29. Between January 1, 2018 and January 7, 2020, at least ten (10) tenants moved into the subject property who had income levels below the minimum income for their unit, including one tenant whose income was 48% of the minimum income requirement. All ten (10) of these tenants were Hispanic.

30. In fact, the defendants never asked Mr. Mehrani for any documentation of his income, which would have shown that he did, in fact, meet the minimum income requirement.

## V.
## HUD ADMINISTRATIVE PROCESS

31. On September 12, 2019, Mr. Mehrani filed a complaint of discrimination against Brisas del Mar, LLC, Brisas del Mar LTD Partnership, and Gatehouse Management, Inc. with the U.S. Department of Housing and Urban Development ("HUD"). On February 11, 2021, the complaint was amended to add Defendant Hernandez.

32. In accordance with 42 U.S.C. § 3610(a) and (b), HUD investigated the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in the course of this investigation, the Secretary determined, under 42 U.S.C. § 3610(g), that reasonable cause existed to believe that Defendants had violated the Fair Housing Act. Accordingly, on April 5, 2021, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination ("the Charge") against Defendants.

33. On April 19, 2021, Defendants elected to have the claims asserted in the Charge resolved in a civil action under 42 U.S.C. § 3612(a).

34. The Secretary subsequently authorized the Attorney General to file this action on behalf of Mr. Mehrani under 42 U.S.C. § 3612(o).

35. The United States and Defendants entered into a written tolling agreement extending the deadline for the United States to file a civil action in this matter until July 19, 2021.

## VI.

## FAIR HOUSING ACT CLAIMS

### COUNT I

### Refusal to Negotiate or Otherwise Make A Unit Unavailable
### 42 U.S.C. § 3604(a)

36. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35, above.

37. Defendant Hernandez's actions constitute a refusal to negotiate for the rental of, or otherwise making unavailable or denying a dwelling to Mr. Mehrani because of his national origin, in violation of the Fair Housing Act, 42 U.S.C. § 3604(a).

38. Defendant Hernandez's discriminatory conduct was within the scope of her employment and authority to act on behalf of Defendants Brisas del Mar LTD Partnership, Brisas del Mar LLC, and Gatehouse Management, Inc.

39. Therefore, Defendants Brisas del Mar LTD Partnership, Brisas del Mar LLC, and Gatehouse Management, Inc. are vicariously liable for discrimination against the complainant, Mr. Mehrani, in violation of the Fair Housing Act, 42 U.S.C. § 3604(a).

40. As a result of the Defendants' conduct, Mr. Mehrani has been injured and is an "aggrieved person" as defined by 42 U.S.C. § 3602(i)(1).

## COUNT II

## Discrimination in the Terms, Conditions, or Privileges of Rental of a Dwelling
## 42 U.S.C. § 3604(b)

41.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35, above.

42.     Defendant Hernandez's actions constitute discrimination in the terms, conditions, or privileges of rental of a dwelling, because of national origin, in violation of the Fair Housing Act, 42 U.S.C. § 3604(b).

43.     Defendant Hernandez's discriminatory conduct was made within the scope of her employment and authority to act on behalf of Defendants Brisas del Mar LTD Partnership, Brisas del Mar LLC, and Gatehouse Management, Inc..

44.     Defendants Brisas del Mar LTD Partnership, Brisas del Mar LLC, and Gatehouse Management, Inc. are vicariously liable for discrimination against the complainant, Mr. Mehrani, in violation of the Fair Housing Act, 42 U.S.C. § 3604(b).

45.     As a result of the Defendants' conduct, Mr. Mehrani has been injured and is an "aggrieved person" as defined by 42 U.S.C. § 3602(i)(1).

**WHEREFORE,** the United States prays that the Court enter an order that:

a.  Declares that the Defendants' discriminatory conduct violates the Fair Housing Act;

b.  Enjoins the Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them, from discriminating against any person based on national origin in any aspect of a rental transaction, in violation of 42 U.S.C. § 3604;

    c.       Orders Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of national origin;

    d.       Awards monetary damages to Mr. Mehrani in accordance with 42 U.S.C. §§ 3612(o)(3) and 3613(c); and

    e.       Awards such additional relief as the interests of justice may require.

## VII.

## DEMAND FOR JURY TRIAL

The United States hereby demands a trial by jury of all issues so triable

pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  August 31, 2021                     Respectfully submitted,

                                             **JUAN ANTONIO GONZALEZ**
                                             **ACTING UNITED STATES ATTORNEY**

By:   /s/ Chantel R. Doakes
      CHANTEL R. DOAKES
      Assistant United States Attorney
      Florida Bar No: 0118626
      United States Attorney's Office
      99 N.E. 4th Street, Suite 300
      Miami, Florida 33132
      Tel. No: (305) 961-9353
      Email:  Chantel.Doakes@usdoj.gov

By:   /s/ Veronica Harrell-James
      VERONICA HARRELL-JAMES
      Assistant United States Attorney
      Florida Bar No. 644791
      United States Attorney's Office
      99 N.E. 4th Street, Suite 300
      Miami, Florida 33132
      Tel: (305) 961-9327
      Email:  Veronica.Harrell-James@usdoj.gov